# Exhibit A

 576898

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

E-FILED
1/6/2025 4:12 PM
Clerk of Court
Superior Court of CA,
County of Santa Clara
25CV455842
Reviewed By: J. Nguyen
Envelope: 17817243

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***
COSTCO WHOLESALE CORPORATION and DOES 1 to 10, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***
MARY METZ and JERRY METZ

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡**AVISO!** Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* SANTA CLARA COUNTY SUPERIOR CT.
191 N. First Street, San Jose, CA 95113

CASE NUMBER: *(Número del Caso):* 25CV455842

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Bradley Bostick, Mediation and Law Office of Bradley Bostick, 1300 Clay Street, Suite 600, Oakland, CA 94612, (510) 645-1575

DATE: *(Fecha)* 1/6/2025 4:12 PM Clerk of Court Clerk, by *(Secretario)* J. Nguyen , Deputy *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☒ on behalf of *(specify)*: Costco Wholesale Corporation
   under: ☒ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

PLD-PI-001

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Bradley L. Bostick, Esq. (SBN 111235)
Mediation and Law Office of Bradley Bostick
Oakland, CA 94612

TELEPHONE NO: (510) 645-1575 FAX NO. *(Optional):* (925) 885-2336
E-MAIL ADDRESS *(Optional):* bostick@timetomediate.com
ATTORNEY FOR *(Name):* Plaintiffs, Mary Metz and Jerry Metz

*FOR COURT USE ONLY*

E-FILED
1/6/2025 4:12 PM
Clerk of Court
Superior Court of CA,
County of Santa Clara
25CV455842
Reviewed By: J. Nguyen

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA**
STREET ADDRESS: 191 N. First Street
MAILING ADDRESS: 191 N. First Street
CITY AND ZIP CODE: San Jose 95113
BRANCH NAME: Downtown Superior Court

PLAINTIFF: Mary Metz and Jerry Metz
DEFENDANT: Costco Wholesale Corporation
[x] DOES 1 TO 10 inclusive

**COMPLAINT—Personal Injury, Property Damage, Wrongful Death**
[ ] **AMENDED *(Number):***
**Type *(check all that apply):***
[ ] **MOTOR VEHICLE** [x] **OTHER *(specify):*** Premises Liability, Negligence
[ ] **Property Damage** [ ] **Wrongful Death**
[x] **Personal Injury** [x] **Other Damages *(specify):*** Loss of Consortium

CASE NUMBER:
25CV455842

**Jurisdiction** *(check all that apply):*
[ ] **ACTION IS A LIMITED CIVIL CASE**
Amount demanded [ ] does not exceed $10,000
[ ] exceeds $10,000, but does not exceed $25,000
[x] **ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)**
[ ] **ACTION IS RECLASSIFIED by this amended complaint**
[ ] **from limited to unlimited**
[ ] **from unlimited to limited**

1. **Plaintiff** *(name or names):* Mary Metz and Jerry Metz
alleges causes of action against **defendant** *(name or names):*
Costco Wholesale Corporation and DOES 1 to 10, inclusive
2. This pleading, including attachments and exhibits, consists of the following number of pages:
3. Each plaintiff named above is a competent adult
   a. [ ] **except** plaintiff *(name):*
      (1) [ ] a corporation qualified to do business in California
      (2) [ ] an unincorporated entity *(describe):*
      (3) [ ] a public entity *(describe):*
      (4) [ ] a minor [ ] an adult
         (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
         (b) [ ] other *(specify):*
      (5) [ ] other *(specify):*
   b. [ ] **except** plaintiff *(name):*
      (1) [ ] a corporation qualified to do business in California
      (2) [ ] an unincorporated entity *(describe):*
      (3) [ ] a public entity *(describe):*
      (4) [ ] a minor [ ] an adult
         (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
         (b) [ ] other *(specify):*
      (5) [ ] other *(specify):*

[ ] Information about additional plaintiffs who are not competent adults is shown in Attachment 3.

| SHORT TITLE: Metz v. Costco | CASE NUMBER: |
|---|---|

4. [ ] Plaintiff *(name):*
is doing business under the fictitious name *(specify):*

and has complied with the fictitious business name laws.

5. Each defendant named above is a natural person

a. [x] **except** defendant *(name):* Costco Wholesale Corp.
(1) [ ] a business organization, form unknown
(2) [x] a corporation
(3) [ ] an unincorporated entity *(describe):*
(4) [ ] a public entity *(describe):*
(5) [ ] other *(specify):*

b. [ ] **except** defendant *(name):*
(1) [ ] a business organization, form unknown
(2) [ ] a corporation
(3) [ ] an unincorporated entity *(describe):*
(4) [ ] a public entity *(describe):*
(5) [ ] other *(specify):*

c. [ ] **except** defendant *(name):*
(1) [ ] a business organization, form unknown
(2) [ ] a corporation
(3) [ ] an unincorporated entity *(describe):*
(4) [ ] a public entity *(describe):*
(5) [ ] other *(specify):*

d. [ ] **except** defendant *(name):*
(1) [ ] a business organization, form unknown
(2) [ ] a corporation
(3) [ ] an unincorporated entity *(describe):*
(4) [ ] a public entity *(describe):*
(5) [ ] other *(specify):*

[ ] Information about additional defendants who are not natural persons is contained in Attachment 5.

6. The true names of defendants sued as Does are unknown to plaintiff.

a. [x] Doe defendants *(specify Doe numbers):* 1-5 were the agents or employees of other named defendants and acted within the scope of that agency or employment.

b. [x] Doe defendants *(specify Doe numbers):* 6-10 are persons whose capacities are unknown to plaintiff.

7. [ ] Defendants who are joined under Code of Civil Procedure section 382 are *(names):*

8. This court is the proper court because

a. [x] at least one defendant now resides in its jurisdictional area.
b. [x] the principal place of business of a defendant corporation or unincorporated association is in its jurisdictional area.
c. [x] injury to person or damage to personal property occurred in its jurisdictional area.
d. [ ] other *(specify):*

9. [ ] Plaintiff is required to comply with a claims statute, **and**

a. [ ] has complied with applicable claims statutes, **or**
b. [ ] is excused from complying because *(specify):*

PLD-PI-001

| SHORT TITLE: Metz v. Costco | CASE NUMBER: |
|---|---|

10. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached):*
   a. [ ] Motor Vehicle
   b. [x] General Negligence
   c. [ ] Intentional Tort
   d. [ ] Products Liability
   e. [x] Premises Liability
   f. [x] Other *(specify):* Loss of Consortium

11. Plaintiff has suffered
   a. [ ] wage loss
   b. [ ] loss of use of property
   c. [x] hospital and medical expenses
   d. [x] general damage
   e. [ ] property damage
   f. [ ] loss of earning capacity
   g. [ ] other damage *(specify):*

12. [ ] The damages claimed for wrongful death and the relationships of plaintiff to the deceased are
   a. [ ] listed in Attachment 12.
   b. [ ] as follows:

13. The relief sought in this complaint is within the jurisdiction of this court.

14. **Plaintiff prays** for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
   a. (1) [x] compensatory damages
      (2) [ ] punitive damages
   The amount of damages is *(in cases for personal injury or wrongful death, you must check (1)):*
      (1) [x] according to proof
      (2) [ ] in the amount of: $

15. [ ] The paragraphs of this complaint alleged on information and belief are as follows *(specify paragraph numbers):*

Date: January 6, 2025

Bradley Bostick
(TYPE OR PRINT NAME)

▶ [signature]
(SIGNATURE OF PLAINTIFF OR ATTORNEY)

PLD-PI-001(2)

| SHORT TITLE: Metz v. Costco | CASE NUMBER: |
|---|---|

FIRST (number) **CAUSE OF ACTION—General Negligence** Page 4

ATTACHMENT TO [x] Complaint [ ] Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

GN-1. Plaintiff *(name)*: Mary Metz

alleges that defendant *(name)*: Costco Wholesale Corporation

[x] Does 1 to 10

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant negligently caused the damage to plaintiff

on *(date)*: December 28, 2024

at *(place)*: Costco located at 5301 Almaden Expressway, San Jose, CA 95118

*(description of reasons for liability)*:
Plaintiff was struck from behind by an employee driving a pallet jack who failed to warn her of his approach. She was knocked forward onto her left elbow which resulted in a fracture in two places and requiring surgery.

PLD-PI-001(4)

| SHORT TITLE: Metz v. Costco | CASE NUMBER: |
|---|---|

SECOND (number) **CAUSE OF ACTION—Premises Liability** Page 5

ATTACHMENT TO [X] Complaint [ ] Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

Prem.L-1. Plaintiff *(name):* Mary Metz

alleges the acts of defendants were the legal (proximate) cause of damages to plaintiff.

On *(date):* December 28, 2024 plaintiff was injured on the following premises in the following fashion *(description of premises and circumstances of injury):*

Plaintiff was struck from behind by an employee driving a pallet jack who failed to warn her of his approach. She was knocked forward onto her left elbow which resulted in a fracture in two places and requiring surgery.

Prem.L-2. [X] **Count One—Negligence** The defendants who negligently owned, maintained, managed and operated the described premises were *(names):*

[X] Does 1 to 10

Prem.L-3. [X] **Count Two—Willful Failure to Warn** [Civil Code section 846] The defendant owners who willfully or maliciously failed to guard or warn against a dangerous condition, use, structure, or activity were *(names):*

[X] Does 1 to 10

Plaintiff, a recreational user, was [ ] an invited guest [ ] a paying guest.

Prem.L-4. [ ] ***Count Three—Dangerous Condition of Public Property*** *The defendants who owned public property on which a dangerous condition existed were (names):*

[ ] Does ______ to ______

a. [ ] The defendant public entity had [ ] actual [ ] constructive notice of the existence of the dangerous condition in sufficient time prior to the injury to have corrected it.

b. [ ] The condition was created by employees of the defendant public entity.

Prem.L-5.a. [ ] **Allegations about Other Defendants** The defendants who were the agents and employees of the other defendants and acted within the scope of the agency were *(names):*

[ ] Does ______ to ______

b. [ ] The defendants who are liable to plaintiffs for other reasons and the reasons for their liability are [ ] described in attachment Prem.L-5.b [ ] as follows *(names):*

| SHORT TITLE: Metz v. Costco | CASE NUMBER: |
|---|---|

THIRD CAUSE OF ACTION

LOSS OF CONSORTIUM

Plaintiffs Mary Metz and Jerry Metz were lawfully married at all times relevant to this action, and now are husband and wife.

As a result of the conduct of the defendant, plaintiff Mary Metz sustained severe and permanent injuries and damages.

Plaintiff Mary Metz' spouse, plaintiff Jerry Metz has been deprived, continues to be deprived, and expects to be deprived in the future, of his spouse's companionship, affection, love, sexual relations, conjugal fellowship, physical assistance in maintaining the family home and comfort for non-determinable length of time, which deprivation has caused, continues to cause, and in the future is expected to cause plaintiff to suffer depression, emotional distress, loss of earning capacity, past, present, and future, and other injuries, the full extent of which has not yet been ascertained, but which will be stated according to proof at trial.

Plaintiff Jerry Metz has sustained a loss of consortium, love, society, comfort and affection with respect to plaintiff Mary Metz and has thereby sustained pecuniary loss in a sum within the jurisdictional limits of the Court, which will be stated according to proof at trial.

*(Required for verified pleading)* The items on this page stated on information and belief are *(specify item numbers, **not** line numbers)*:

This page may be used with any Judicial Council form or any other paper filed with the court.

CIV-050

**- DO NOT FILE WITH THE COURT-**
**-UNLESS YOU ARE APPLYING FOR A DEFAULT JUDGMENT UNDER CODE OF CIVIL PROCEDURE § 585 -**

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address)*:
Bradley L. Bostick (SBN 111235)
Mediation and Law Office of Bradley Bostick
1300 Clay Street, Suite 600
Oakland, CA 94612
TELEPHONE NO.: (510) 645-1575
ATTORNEY FOR *(name)*: Plaintiffs Mary Metz and Jerry Metz

FOR COURT USE ONLY

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** SANTA CLARA
STREET ADDRESS: 191 N. First Street
MAILING ADDRESS: 191 N. First Street
CITY AND ZIP CODE: San Jose 95113
BRANCH NAME: Downtown Superior Court

PLAINTIFF: Mary Metz and Jerry Metz
DEFENDANT: Costco Wholesale Corporation

**STATEMENT OF DAMAGES**
**(Personal Injury or Wrongful Death)**

CASE NUMBER: 25CV455842

To *(name of one defendant only)*: Costco Wholesale Corporation
Plaintiff *(name of one plaintiff only)*: Mary Metz
seeks damages in the above-entitled action, as follows:

| | AMOUNT |
|---|---|
| 1. **General damages** | |
| a. [x] Pain, suffering, and inconvenience | $ 2,500,000.00 |
| b. [x] Emotional distress. | $ 250,000.00 |
| c. [ ] Loss of consortium | $ |
| d. [ ] Loss of sociey and companionship *(wrongful death actions only)* | $ |
| e. [ ] Other *(specify)* | $ |
| f. [ ] Other *(specify)* | $ |
| g. [ ] Continued on Attachment 1.g. | |
| 2. **Special damages** | |
| a. [ ] Medical expenses *(to date)* | $ |
| b. [ ] Future medical expenses *(present value)* | $ |
| c. [ ] Loss of earnings *(to date)* | $ |
| d. [ ] Loss of future earning capacity *(present value)* | $ |
| e. [ ] Property damage | $ |
| f. [ ] Funeral expenses *(wrongful death actions only)* | $ |
| g. [ ] Future contributions *(present value) (wrongful death actions only)* | $ |
| h. [ ] Value of personal service, advice, or training *(wrongful death actions only)* | $ |
| i. [ ] Other *(specify)* | $ |
| j. [ ] Other *(specify)* | $ |
| k. [ ] Continued on Attachment 2.k. | |

3. [ ] **Punitive damages:** Plaintiff reserves the right to seek punitive damages in the amount of *(specify)*.. $ ______ when pursuing a judgment in the suit filed against you.

Date: January 8, 2025

Bradley Bostick
(TYPE OR PRINT NAME)

▶ [signature]
(SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)

(Proof of service on reverse)



Form Adopted for Mandatory Use
Judicial Council of California
CIV-050 [Rev. January 1, 2007]

**STATEMENT OF DAMAGES**
**(Personal Injury or Wrongful Death)**

Code of Civil Procedure, §§ 425.11, 425.115
*www.courts.ca.gov*

**CIV-050**

| PLAINTIFF: Mary Metz and Jerry Metz<br>DEFENDANT: Costco Wholesale Corporation | CASE NUMBER:<br>25CV455842 |
|---|---|

**PROOF OF SERVICE**

*(After having the other party served as described below, with any of the documents identified in item 1, have the person who served the documents complete this Proof of Service. Plaintiff cannot serve these papers.)*

1. I served the
   a. ☐ Statement of Damages ☐ Other *(specify)*:
   b. on *(name)*:
   c. by serving ☐ defendant ☐ other *(name and title or relationship to person served)*:
   d. ☐ by delivery ☐ at home ☐ at business
      (1) date:
      (2) time:
      (3) address:
   e. ☐ by mailing
      (1) date:
      (2) place:
2. Manner of service *(check proper box)*:
   a. ☐ **Personal service.** By personally delivering copies. (CCP § 415.10)
   b. ☐ **Substituted service on corporation, unincorporated association (including partnership), or public entity.** By leaving, during usual office hours, copies in the office of the person served with the person who apparently was in charge and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left. (CCP § 415.20(a))
   c. ☐ **Substituted service on natural person, minor, conservatee, or candidate.** By leaving copies at the dwelling house, usual place of abode, or usual place of business of the person served in the presence of a competent member of the household or a person apparently in charge of the office or place of business, at least 18 years of age, who was informed of the general nature of the papers, and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left. (CCP § 415.20(b)) **(Attach separate declaration or affidavit stating acts relied on to establish reasonable diligence in first attempting personal service.)**
   d. ☐ **Mail and acknowledgment service.** By mailing (by first- class mail or airmail, postage prepaid) copies to the person served, together with two copies of the form of notice and acknowledgment and a return envelope, postage prepaid, addressed to the sender. (CCP § 415.30) **(Attach completed acknowledgment of receipt.)**
   e. ☐ **Certified or registered mail service.** By mailing to an address outside California (by first-class mail, postage prepaid, requiring a return receipt) copies to the person served. (CCP § 415.40) **(Attach signed return receipt or other evidence of actual delivery to the person served.)**
   f. ☐ Other *(specify code section)*:
      ☐ additional page is attached.
3. At the time of service I was at least 18 years of age and not a party to this action.
4. Fee for service: $
5. Person serving:
   a. ☐ California sheriff, marshal, or constable
   b. ☐ Registered California process server
   c. ☐ Employee or independent contractor of a registered California process server
   d. ☐ Not a registered California process server
   e. ☐ Exempt from registration under Bus. & Prof. Code § 22350(b)
   f. Name, address and telephone number and, if applicable, county of registration and number:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

▶ ______________________________
(SIGNATURE)

***(For California sheriff, marshal, or constable use only)***
I certify that the foregoing is true and correct.

Date:

▶ ______________________________
(SIGNATURE)

- DO NOT FILE WITH THE COURT-
-UNLESS YOU ARE APPLYING FOR A DEFAULT JUDGMENT UNDER CODE OF CIVIL PROCEDURE § 585 -

CIV-050

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address):
Bradley L. Bostick (SBN 111235)
Mediation and Law Office of Bradley Bostick
1300 Clay Street, Suite 600
Oakland, CA 94612

TELEPHONE NO.: (510) 645-1575

ATTORNEY FOR (name): Plaintiffs Mary Metz and Jerry Metz

FOR COURT USE ONLY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
STREET ADDRESS: 191 N. First Street
MAILING ADDRESS: 191 N. First Street
CITY AND ZIP CODE: San Jose 95113
BRANCH NAME: Downtown Superior Court

PLAINTIFF: Mary Metz and Jerry Metz
DEFENDANT: Costco Wholesale Corporation

## STATEMENT OF DAMAGES
## (Personal Injury or Wrongful Death)

CASE NUMBER: 25CV455842

To *(name of one defendant only)*: Costco Wholesale Corporation
Plaintiff *(name of one plaintiff only)*: Jerry Metz
seeks damages in the above-entitled action, as follows:

| | AMOUNT |
|---|---|
| 1. **General damages** | |
| a. ☐ Pain, suffering, and inconvenience | $ |
| b. ☐ Emotional distress | $ |
| c. ☒ Loss of consortium | $ 100,000.00 |
| d. ☐ Loss of sociey and companionship *(wrongful death actions only)* | $ |
| e. ☐ Other *(specify)* | $ |
| f. ☐ Other *(specify)* | $ |
| g. ☐ Continued on Attachment 1.g. | |
| 2. **Special damages** | |
| a. ☐ Medical expenses *(to date)* | $ |
| b. ☐ Future medical expenses *(present value)* | $ |
| c. ☐ Loss of earnings *(to date)* | $ |
| d. ☐ Loss of future earning capacity *(present value)* | $ |
| e. ☐ Property damage | $ |
| f. ☐ Funeral expenses *(wrongful death actions only)* | $ |
| g. ☐ Future contributions *(present value)* *(wrongful death actions only)* | $ |
| h. ☐ Value of personal service, advice, or training *(wrongful death actions only)* | $ |
| i. ☐ Other *(specify)* | $ |
| j. ☐ Other *(specify)* | $ |
| k. ☐ Continued on Attachment 2.k. | |

3. ☐ **Punitive damages:** Plaintiff reserves the right to seek punitive damages in the amount of *(specify)*.. $ ______ when pursuing a judgment in the suit filed against you.

Date: January 8, 2025

Bradley Bostick
(TYPE OR PRINT NAME)

▶ [signature]
(SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)

(Proof of service on reverse)



Form Adopted for Mandatory Use
Judicial Council of California
CIV-050 [Rev. January 1, 2007]

STATEMENT OF DAMAGES
(Personal Injury or Wrongful Death)

Code of Civil Procedure, §§ 425.11, 425.115
www.courts.ca.gov

CIV-050

| PLAINTIFF: Mary Metz and Jerry Metz<br>DEFENDANT: Costco Wholesale Corporation | CASE NUMBER:<br>25CV455842 |
|---|---|

## PROOF OF SERVICE

*(After having the other party served as described below, with any of the documents identified in item 1, have the person who served the documents complete this Proof of Service. Plaintiff cannot serve these papers.)*

1. I served the
   a. ☐ Statement of Damages ☐ Other *(specify):*
   b. on *(name):*
   c. by serving ☐ defendant ☐ other *(name and title or relationship to person served):*
   d. ☐ by delivery ☐ at home ☐ at business
      (1) date:
      (2) time:
      (3) address:
   e. ☐ by mailing
      (1) date:
      (2) place:
2. Manner of service *(check proper box):*
   a. ☐ **Personal service.** By personally delivering copies. (CCP § 415.10)
   b. ☐ **Substituted service on corporation, unincorporated association (including partnership), or public entity.** By leaving, during usual office hours, copies in the office of the person served with the person who apparently was in charge and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left. (CCP § 415.20(a))
   c. ☐ **Substituted service on natural person, minor, conservatee, or candidate.** By leaving copies at the dwelling house, usual place of abode, or usual place of business of the person served in the presence of a competent member of the household or a person apparently in charge of the office or place of business, at least 18 years of age, who was informed of the general nature of the papers, and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left. (CCP § 415.20(b)) **(Attach separate declaration or affidavit stating acts relied on to establish reasonable diligence in first attempting personal service.)**
   d. ☐ **Mail and acknowledgment service.** By mailing (by first- class mail or airmail, postage prepaid) copies to the person served, together with two copies of the form of notice and acknowledgment and a return envelope, postage prepaid, addressed to the sender. (CCP § 415.30) **(Attach completed acknowledgment of receipt.)**
   e. ☐ **Certified or registered mail service.** By mailing to an address outside California (by first-class mail, postage prepaid, requiring a return receipt) copies to the person served. (CCP § 415.40) **(Attach signed return receipt or other evidence of actual delivery to the person served.)**
   f. ☐ Other *(specify code section):*
      ☐ additional page is attached.
3. At the time of service I was at least 18 years of age and not a party to this action.
4. Fee for service: $
5. Person serving:
   a. ☐ California sheriff, marshal, or constable
   b. ☐ Registered California process server
   c. ☐ Employee or independent contractor of a registered California process server
   d. ☐ Not a registered California process server
   e. ☐ Exempt from registration under Bus. & Prof. Code § 22350(b)
   f. Name, address and telephone number and, if applicable, county of registration and number:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

▶ ______________________________
(SIGNATURE)

***(For California sheriff, marshal, or constable use only)***
I certify that the foregoing is true and correct.

Date:

▶ ______________________________
(SIGNATURE)

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER: | FOR COURT USE ONLY |
|---|---|---|
| NAME: | | |
| FIRM NAME: | | |
| STREET ADDRESS: | | |
| CITY: | STATE: ZIP CODE: | |
| TELEPHONE NO.: | FAX NO.: | |
| EMAIL ADDRESS: | | |
| ATTORNEY FOR *(name)*: | | |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF**<br>STREET ADDRESS:<br>MAILING ADDRESS:<br>CITY AND ZIP CODE:<br>BRANCH NAME: | | |
| PLAINTIFF/PETITIONER:<br>DEFENDANT/RESPONDENT: | | |
| **CASE MANAGEMENT STATEMENT**<br>*(Check one):* ☐ **UNLIMITED CASE** (Amount demanded exceeds $35,000) ☐ **LIMITED CASE** (Amount demanded is $35,000 or less) | | CASE NUMBER: |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date: Time: Dept.: Div.: Room:

Address of court *(if different from the address above)*:

☐ **Notice of Intent to Appear by Telephone, by *(name)*:**

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one)*:
   a. ☐ This statement is submitted by party *(name)*:
   b. ☐ This statement is submitted **jointly** by parties *(names)*:
2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date)*:
   b. ☐ The cross-complaint, if any, was filed on *(date)*:
3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not)*:
      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names)*:
      (3) ☐ have had a default entered against them *(specify names)*:
   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served)*:
4. **Description of case**
   a. Type of case in ☐ complaint ☐ cross-complaint *(Describe, including causes of action)*:

| PLAINTIFF/PETITIONER: DEFENDANT/RESPONDENT: | CASE NUMBER: |
|---|---|

4\. b. Provide a brief statement of the case, including any damages *(if personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost eamings to date, and estimated future lost eamings; if equitable relief is sought, describe the nature of the relief):*

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5\. **Jury or nonjury trial**

The party or parties request ☐ a jury trial ☐ a nonjury trial. *(If more than one party, provide the name of each party requesting a jury trial):*

6\. **Trial date**

a. ☐ The trial has been set for *(date):*

b. ☐ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7\. **Estimated length of trial**

The party or parties estimate that the trial will take *(check one)*

a. ☐ days *(specify number):*

b. ☐ hours (short causes) *(specify):*

8\. **Trial representation** *(to be answered for each party)*

The party or parties will be represented at trial ☐ by the attorney or party listed in the caption ☐ by the following:

a. Attorney:

b. Firm:

c. Address:

d. Telephone number:

e. Email address:

f. Fax number:

g. Party represented:

☐ Additional representation is described in Attachment 8.

9\. **Preference**

☐ This case is entitled to preference *(specify code section):*

10\. **Alternative dispute resolution (ADR)**

a. **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 of the California Rules of Court for information about the processes available through the court and community programs in this case.

(1) For parties represented by counsel: Counsel ☐ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

(2) For self-represented parties: Party ☐ has ☐ has not reviewed the ADR information package identified in rule 3.221.

b. **Referral to judicial arbitration or civil action mediation** (if available).

(1) ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

(2) ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

(3) ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

**CM-110**

| PLAINTIFF/PETITIONER:<br>DEFENDANT/RESPONDENT: | CASE NUMBER: |
|---|---|

10. c. In the table below, indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information):*

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply):* | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation):* |
|---|---|---|
| (1) Mediation | ☐ | ☐ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date):*<br>☐ Agreed to complete mediation by *(date):*<br>☐ Mediation completed on *(date):* |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date):*<br>☐ Agreed to complete settlement conference by *(date):*<br>☐ Settlement conference completed on *(date):* |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date):*<br>☐ Agreed to complete neutral evaluation by *(date):*<br>☐ Neutral evaluation completed on *(date):* |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date):*<br>☐ Agreed to complete judicial arbitration by *(date):*<br>☐ Judicial arbitration completed on *(date):* |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date):*<br>☐ Agreed to complete private arbitration by *(date):*<br>☐ Private arbitration completed on *(date):* |
| (6) Other *(specify)*: | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date):*<br>☐ Agreed to complete ADR session by *(date):*<br>☐ ADR completed on *(date):* |

| PLAINTIFF/PETITIONER: <br> DEFENDANT/RESPONDENT: | CASE NUMBER: |
|---|---|

**11. Insurance**

a. ☐ Insurance carrier, if any, for party filing this statement *(name):*

b. Reservation of rights: ☐ Yes ☐ No

c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.

☐ Bankruptcy ☐ Other *(specify):*

Status:

**13. Related cases, consolidation, and coordination**

a. ☐ There are companion, underlying, or related cases.

(1) Name of case:

(2) Name of court:

(3) Case number:

(4) Status:

☐ Additional cases are described in Attachment 13a.

b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**14. Bifurcation**

☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**

☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

**16. Discovery**

a. ☐ The party or parties have completed all discovery.

b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|

c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

| PLAINTIFF/PETITIONER:<br>DEFENDANT/RESPONDENT: | CASE NUMBER: |
|---|---|

**17. Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $35,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**19. Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. ☐ After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

20. Total number of pages attached *(if any):* ____________

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

| | |
|---|---|
| ______________________________ | ▶ ______________________________ |
| (TYPE OR PRINT NAME) | (SIGNATURE OF PARTY OR ATTORNEY) |
| ______________________________ | ▶ ______________________________ |
| (TYPE OR PRINT NAME) | (SIGNATURE OF PARTY OR ATTORNEY) |

☐ Additional signatures are attached.

# CIVIL LAWSUIT NOTICE

***Superior Court of California, County of Santa Clara***
***191 North First St., San José, CA 95113***

CASE NUMBER: 25CV455842

**PLEASE READ THIS ENTIRE FORM**

***PLAINTIFF*** (the person suing): Within 60 days after filing the lawsuit, you must serve each Defendant with the *Complaint*, *Summons*, an *Alternative Dispute Resolution (ADR) Information Sheet*, and a copy of this *Civil Lawsuit Notice*, and you must file written proof of such service.

***DEFENDANT*** (The person sued): **You must do each of the following to protect your rights:**

1. You must file a **written response** to the *Complaint, using the proper legal form or format,* in the Clerk's Office of the Court, within **30 days** of the date you were served with the *Summons* and *Complaint*;
2. You must serve by mail a copy of your written response on the Plaintiff's attorney or on the Plaintiff if Plaintiff has no attorney (to "serve by mail" means to have an adult other than yourself mail a copy); and
3. You must attend the first Case Management Conference.

**Warning: If you, as the Defendant, do not follow these instructions, you may automatically lose this case.**

***RULES AND FORMS:*** You must follow the California Rules of Court and the Superior Court of California, County of Santa Clara Local Civil Rules and use proper forms. You can obtain legal information, view the rules and receive forms, free of charge, from the Self-Help Center at 201 North First Street, San José or at https://www.scscourt.org/self_help/civil/civil_help.shtml.

- State Rules and Judicial Council Forms: https://www.courts.ca.gov/formsrules.htm
- Local Rules and Forms: https://www.scscourt.org/forms_filing.shtml and https://www.scscourt.org/court_divisions/civil/civil_rules/civil_rules.shtml

***CASE MANAGEMENT CONFERENCE (CMC):*** You must meet with the other parties and discuss the case, in person or by telephone at least 30 calendar days before the CMC. You must also fill out, file and serve a *Case Management Statement* (Judicial Council form CM-110) at least 15 calendar days before the CMC.

***You or your attorney must appear at the CMC.*** *You may have the option, or be required, to appear remotely – see Local Civil Rule 8.*

**Your Case Management Judge is:** Rosen, Amber **Department:** 16

**The 1st CMC is scheduled for:** (Completed by Clerk of Court)
**Date:** 09/17/25 **Time:** 1001A in **Department:** 16

**The next CMC is scheduled for:** (Completed by party if the 1st CMC was continued or has passed)
**Date:** ________ **Time:** ________ in **Department:** ________

***ALTERNATIVE DISPUTE RESOLUTION (ADR):*** If all parties have appeared and filed a completed *ADR Stipulation Form* (local form CV-5008) at least 30 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference. Visit the Court's website at https://www.scscourt.org/court_divisions/civil/adr/civil_adr.shtml or call the ADR Administrator (408-828-8547) for more information.
***WARNING:*** Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

# SANTA CLARA COUNTY SUPERIOR COURT ALTERNATIVE DISPUTE RESOLUTION INFORMATION SHEET

Many cases can be resolved to the satisfaction of all parties without the necessity of traditional litigation, which can be expensive, time consuming, and stressful. The Court finds that it is in the best interests of the parties that they participate in alternatives to traditional litigation, including arbitration, mediation, neutral evaluation, special masters and referees, and settlement conferences. Therefore, all matters shall be referred to an appropriate form of Alternative Dispute Resolution (ADR) before they are set for trial, unless there is good cause to dispense with the ADR requirement.

***What is ADR?***
ADR is the general term for a wide variety of dispute resolution processes that are alternatives to litigation. Types of ADR processes include mediation, arbitration, neutral evaluation, special masters and referees, and settlement conferences, among others forms.

***What are the advantages of choosing ADR instead of litigation?***
ADR can have a number of advantages over litigation:

- **ADR can save time.** A dispute can be resolved in a matter of months, or even weeks, while litigation can take years.
- **ADR can save money.** Attorney's fees, court costs, and expert fees can be reduced or avoided altogether.
- **ADR provides more participation.** Parties have more opportunities with ADR to express their interests and concerns, instead of focusing exclusively on legal rights.
- **ADR provides more control and flexibility.** Parties can choose the ADR process that is most likely to bring a satisfactory resolution to their dispute.
- **ADR can reduce stress.** ADR encourages cooperation and communication, while discouraging the adversarial atmosphere of litigation. Surveys of parties who have participated in an ADR process have found much greater satisfaction than with parties who have gone through litigation.

***What are the main forms of ADR offered by the Court?***
**Mediation** is an informal, confidential, flexible and non-binding process in the mediator helps the parties to understand the interests of everyone involved, and their practical and legal choices. The mediator helps the parties to communicate better, explore legal and practical settlement options, and reach an acceptable solution of the problem. The mediator does not decide the solution to the dispute; the parties do.

Mediation may be appropriate when:

- The parties want a non-adversary procedure
- The parties have a continuing business or personal relationship
- Communication problems are interfering with a resolution
- There is an emotional element involved
- The parties are interested in an injunction, consent decree, or other form of equitable relief

**Neutral evaluation**, sometimes called "Early Neutral Evaluation" or "ENE", is an informal process in which the evaluator, an experienced neutral lawyer, hears a compact presentation of both sides of the case, gives a non-binding assessment of the strengths and weaknesses on each side, and predicts the likely outcome. The evaluator can help parties to identify issues, prepare stipulations, and draft discovery plans. The parties may use the neutral's evaluation to discuss settlement.

Neutral evaluation may be appropriate when:

- The parties are far apart in their view of the law or value of the case
- The case involves a technical issue in which the evaluator has expertise
- Case planning assistance would be helpful and would save legal fees and costs
- The parties are interested in an injunction, consent decree, or other form of equitable relief

*-over-*

**Arbitration** is a less formal process than a trial, with no jury. The arbitrator hears the evidence and arguments of the parties and then makes a written decision. The parties can agree to binding or non-binding arbitration. In binding arbitration, the arbitrator's decision is final and completely resolves the case, without the opportunity for appeal. In non-binding arbitration, the arbitrator's decision could resolve the case, without the opportunity for appeal, unless a party timely rejects the arbitrator's decision within 30 days and requests a trial. Private arbitrators are allowed to charge for their time.

Arbitration may be appropriate when:

- The action is for personal injury, property damage, or breach of contract
- Only monetary damages are sought
- Witness testimony, under oath, needs to be evaluated
- An advisory opinion is sought from an experienced litigator (if a non-binding arbitration)

**Civil Judge ADR** allows parties to have a mediation or settlement conference with an experienced judge of the Superior Court. Mediation is an informal, confidential, flexible and non-binding process in which the judge helps the parties to understand the interests of everyone involved, and their practical and legal choices. A settlement conference is an informal process in which the judge meets with the parties or their attorneys, hears the facts of the dispute, helps identify issues to be resolved, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations. The request for mediation or settlement conference may be made promptly by stipulation (agreement) upon the filing of the Civil complaint and the answer. There is no charge for this service.

Civil Judge ADR may be appropriate when:

- The parties have complex facts to review
- The case involves multiple parties and problems
- The courthouse surroundings would he helpful to the settlement process

**Special masters and referees** are neutral parties who may be appointed by the court to obtain information or to make specific fact findings that may lead to a resolution of a dispute.
Special masters and referees can be particularly effective in complex cases with a number of parties, like construction disputes.

**Settlement conferences** are informal processes in which the neutral (a judge or an experienced attorney) meets with the parties or their attorneys, hears the facts of the dispute, helps identify issues to be resolved, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations.
Settlement conferences can be effective when the authority or expertise of the judge or experienced attorney may help the parties reach a resolution.

***What kind of disputes can be resolved by ADR?***
Although some disputes must go to court, almost any dispute can be resolved through ADR. This includes disputes involving business matters; civil rights; collections; corporations; construction; consumer protection; contracts; copyrights; defamation; disabilities; discrimination; employment; environmental problems; fraud; harassment; health care; housing; insurance; intellectual property; labor; landlord/tenant; media; medical malpractice and other professional negligence; neighborhood problems; partnerships; patents; personal injury; probate; product liability; property damage; real estate; securities; sports; trade secret; and wrongful death, among other matters.

***Where can you get assistance with selecting an appropriate form of ADR and a neutral for your case, information about ADR procedures, or answers to other questions about ADR?***

***Contact:***
Santa Clara County Superior Court
ADR Administrator
408-882-2530

SEAN P. MORIARTY, ESQ. (BAR NO. 196227)
ADRIANA MARIA MERCURIO (BAR NO. 360198)
CESARI, WERNER AND MORIARTY
75 Southgate Avenue
Daly City, CA 94015
Telephone: (650) 991-5126
Facsimile: (650) 991-5134
smoriarty@cwmlaw.com
amercurio@cwmlaw.com
6962-3-13-7
Attorneys for Defendant
COSTCO WHOLESALE CORPORATION

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SANTA CLARA

| | |
|---|---|
| MARY METZ and JERRY METZ,<br>Plaintiffs,<br>vs.<br>COSTCO WHOLESALE CORPORATION, a Washington Corporation,<br>Defendant. | Case No. 25cv455842<br>**DEFENDANT COSTCO WHOLESALE CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT** |

Defendant COSTCO WHOLESALE CORPORATION ("Defendant") answers the unverified complaint of Plaintiff MARY METZ and JERRY METZ, ("Plaintiff") as follows:

## GENERAL DENIAL

1. Pursuant to California Code of Civil Procedure section 431.30(d), Defendant denies, generally and specifically, each and every allegation contained in Plaintiff's Complaint and each and every cause of action therein.

2. Defendant further denies that Plaintiff has sustained any injury, damage, or loss by reason of any act or omission on the Part of Defendant, and specifically denies that Plaintiff suffered any of the damages alleged in the Complaint.

3. Defendant further denies that Plaintiff is entitled to any relief against Defendant on any ground whatsoever and denies that Plaintiff is entitled to damages against Defendant in any amount.

## AFFIRMATIVE DEFENSES

Defendant is informed and believes, and based on such information and belief, alleges the following affirmative defenses as to each and every cause of action in the Complaint. By alleging these affirmative defenses, Defendant is not in any way conceding that it bears the burden of proof or persuasion on any of these issues. Defendant reserves the right to supplement, amend, or modify these affirmative defenses, as appropriate, based on information obtaining during the course of this litigation.

### FIRST AFFIRMATIVE DEFENSE

### (FAILURE TO STATE A CLAIM FOR RELIEF)

The Complaint, and each cause of action therein, fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

### (COMPARATIVE NEGLIGENCE)

Defendant is informed and believes and thereon alleges that Plaintiff was careless and negligent about the matters complained of and that such carelessness and negligence contributed to the happening of the incident complained of, and the damages, if any, sustained thereby.

### THIRD AFFIRMATIVE DEFENSE

### (STATUTE OF LIMITATIONS)

The Complaint is barred by the applicable statutes of limitation including, but not limited to, C.C.P. Sections 335, 335.1, 336, 337.1, 337.2, 337.3,337.5, 337.6, 337.15, 338.1, 339, 339.5, 340, 340.1, 340.2, 340.3, 340.4, 340.5, 340.7, 340.9, 340.10, 340.15, 340.35, 341, 341.5, 342, 343, 344, 345, 346, 347, 348, 349, 349.1, 349.2, 364, 365, and 349.4.

### FOURTH AFFIRMATIVE DEFENSE

### (FAILURE TO PROVIDE NOTICE TO TOLL STATUTE OF LIMITATIONS)

Pursuant to C.C.P Section 364, Plaintiff failed to serve Defendant with notice of the legal basis for her claim, the type of loss sustained, and the specificity of the injuries claimed. Accordingly, Plaintiff did not extend the time for the commencement of the action, and thus

the Complaint is barred by the applicable statutes of limitation including but not limited to C.C.P Sections 340.5, 364, 365, and 340.5.

**FIFTH AFFIRMATIVE DEFENSE**

**(LACHES)**

The Complaint, and each cause of action therein, is barred by the doctrine of laches.

**SIXTH AFFIRMATIVE DEFENSE**

**(FAILURE TO MITIGATE DAMAGES)**

Plaintiff has failed to mitigate her alleged damages.

**SEVENTH AFFIRMATIVE DEFENSE**

**(ASSUMPTION OF THE RISK)**

Defendant is informed and believes and thereon alleges that Plaintiff with full appreciation of the particular risks involved, nevertheless knowingly and voluntarily assumed the risks and hazards of the incident complained of, and the damages, if any, resulting therefrom.

**EIGHTH AFFIRMATIVE DEFENSE**

**(THIRD PARTY FAULT)**

Defendant is informed and believes and thereon alleges that Plaintiff's injuries were caused or contributed to by third parties in a percentage to be determined at trial and that Plaintiff's recovery of non-economic damages shall be reduced in proportion to such third parties' percentage of fault.

**NINTH AFFIRMATIVE DEFENSE**

**(PLAINTIFF'S COMPARATIVE FAULT)**

Plaintiff was at fault in how she conducted her affairs relative to the incident described in Plaintiff's complaint. Such fault caused or contributed to the damages complained of in this case.

///

///

///

**TENTH AFFIRMATIVE DEFENSE**

**(ASSUMPTION OF THE RISK)**

Plaintiff knew about the risk, and voluntarily undertook the risk that led to the accident or injuries complained of in this case.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(CONSENT BY PLAINTIFF)**

Plaintiff agreed to, and participated in, those actions which Plaintiff claims to have caused injury or damage. Since such participation and consent were given knowingly and voluntarily, Plaintiff's claims are invalid.

**TWELFTH AFFIRMATIVE DEFENSE**

**(COMPARATIVE FAULT OF THIRD PARTIES)**

People or entities other than this Defendant caused or contributed to the damages Plaintiff claims to have suffered. Therefore, any award made in favor of the Plaintiff in this case must be reduced by an amount equal to the percentage of the fault of others in causing or contributing to the damages as alleged in the complaint.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(APPORTIONMENT OF FAULT)**

Defendants other than this defendant caused or contributed to the damages Plaintiff claims to have suffered. Therefore, any award made in favor of the Plaintiff in this case must be divided between the defendants so that each pays only his, her or its fair share in relationship to his, her or its amount of fault.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(CLAIM IS BARRED BY LAW)**

This defendant believes, based on reliable information, that current law prohibits Plaintiff's claims against this defendant.

///

///

///

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(WAIVER)**

Plaintiff either told, or led this defendant to believe, that Plaintiff would not sue this defendant.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(ESTOPPEL)**

Plaintiff acted in such a way as to cause this defendant to believe that Plaintiff would not file suit, and this defendant relied on those actions or representations.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(ACT OF GOD)**

The damages Plaintiff claims to have suffered were caused by a natural occurrence, such as a storm.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES)**

Plaintiff failed to file and pursue a claim with the responsible government agency before filing this lawsuit.

**NINETEENTH AFFIRMATIVE DEFENSE**

**(INTERVENING OR SUPERSEDING CAUSE)**

The damages the Plaintiff claims to have suffered were caused or made worse by an event that occurred after the accident described in the complaint.

**TWENTIETH AFFIRMATIVE DEFENSE**

**(SUPERSEDING CAUSE)**

The damages the Plaintiff claims to have suffered were almost entirely caused by an event that occurred after the accident described in the complaint, thus this defendant is not responsible for Plaintiff's claimed damages.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

**(IMPROPER VENUE)**

Defendant alleges Improper Venue on the basis that Plaintiff is pursuing this matter in the improper court.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

**(NEGLIGENT AND INTENTIONAL ACTS OF OTHERS)**

Defendant is not responsible for any damages, or percentage of damages, claimed by Plaintiff as a result of the intentional acts or omissions of others, including Plaintiff.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

**(NO DAMAGES)**

Plaintiff is barred from recovering under the Complaint, in whole or in part, because Plaintiff has incurred no damages.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

**(OTHER AFFIRMATIVE DEFENSES)**

Defendant presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available. Defendant reserves the right to assert additional defenses in the event discovery indicates that it would be appropriate.

**PRAYER**

Wherefore, Defendant prays for judgment as follows:

1. That Plaintiff take nothing by way of the Complaint.
2. That the Complaint is dismissed with prejudice and judgment entered in favor of Defendant.
3. That Defendant be awarded their costs of suit.
4. That Defendant be awarded attorneys' fees pursuant to statute and/or contract; and
5. For such other and further relief as the Court deems just and proper.

DATED: February 11, 2025

Respectfully submitted,

CESARI, WERNER AND MORIARTY

By:________________________________

Sean Moriarty
Adriana Maria Mercurio
Attorneys for Defendant
COSTCO WHOLESALE CORPORATION

PROOF OF SERVICE

I am a resident of the State of California, over the age of 18 years, and not a party to the within action. My business address is CESARI, WERNER AND MORIARTY, 75 Southgate Avenue, Daly City, California, 94015. On February 11, 2025, I served the within document:

**DEFENDANT COSTCO WHOLESALE CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT**

☐ **BY FACSIMILE**: Based on a written agreement of the parties to accept service by fax, I transmitted true and correct copies of the above document(s) via a facsimile machine at telephone number (650) 991-5134 to the persons and the fax numbers listed above. The fax transmission was reported as complete and without error. The transmission report was properly issued by the transmitting facsimile machine, and **a copy of the transmission report** ☐ **is attached** or ☐ **will be filed separately with the court.**

☒ **BY ELECTRONIC MAIL:** Based on a court order or an agreement of the parties to accept electronic service, I caused the documents to be sent to the person(s) at the electronic service address(es) listed below. Such document(s) were transmitted *via* electronic mail from the electronic address: sxu@cwmlaw.com ☒ in portable document format ("PDF") Adobe Acrobat or ☐ in Word document format.

☐ **BY UNITED STATES MAIL**: Following ordinary business practices, I sealed true and correct copies of the above documents in addressed envelope(s) and placed them at my workplace for collection and mailing with the United States Postal Service. I am readily familiar with the practices of the Cesari Werner & Moriarty for collecting and processing mail. In the ordinary course of business, the sealed envelope(s) that I placed for collection would be deposited, postage prepaid, with the United States Postal Service that same day.

☐ **BY PERSONAL SERVICE**: I sealed true and correct copies of the above documents in addressed envelope(s) and caused such envelope(s) to be delivered by hand at the above locations by a professional messenger service. **A declaration from the messenger who made the delivery** ☐ **is attached** or ☐ **will be filed separately with the court.**

| | |
|---|---|
| Bradley L. Bostick, Esq. (SBN 111235)<br>Mediation and Law Office of Bradley Bostick<br>Oakland, CA 94612<br>***Attorney for plaintiff*** | Email: bostick@timetomediate.com<br>T: (510) 645-1575 \| F: (925) 885-2336 |

I am familiar with the firm's practice of processing mail. Under that practice it would be deposited with the U.S. Postal Service on that day with postage thereon prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date/postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury that the above is true and correct. Executed on February 11, 2025, at Daly City, California.

Sandra Xu
SANDRA XU

# Exhibit B

25CV455842
Santa Clara – Civil

R. Fleming

Attorney or Party without Attorney:
BRADLEY L. BOSTIK, ESQ. (SBN 111235)
MEDIATION AND LAW OFFICE OF BRADLEY BOSTICK
1300 CLAY STREET, SUITE 600
OAKLAND CA 94612
Telephone No: 510-645-1575 FAX No:
Attorney for: PLAINTIFF

For Court Use Only

**Electronically Filed**
**by Superior Court of CA,**
**County of Santa Clara,**
**on 1/15/2025 11:39 AM**
**Reviewed By: R. Fleming**
**Case #25CV455842**
**Envelope: 17923565**

Insert name of Court, and Judicial District and Branch Court:
SUPERIOR COURT OF CALIFORNIA COUNTY OF SANTA CLARA, SAN JOSE

Plaintiff: MARY METZ AND JERRY METZ
Defendant: COSTCO WHOLESALE CORPORATION

| PROOF OF SERVICE SUMMONS, COMPLAINT | Hearing Date: | Time: | Dept/Div: | Case Number: 25CV455842 |
|---|---|---|---|---|

Ref. No. or File No.:

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of the SUMMONS, COMPLAINT, STATEMENT OF DAMAGES X'S 2, BLANK CASE MANAGMENT STATEMENT, CIVIL LAWSUIT NOTICE, ADR PACKAGE

3. a. Party served: COSTCO WHOLESALE CORPORATION

   b. Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) (specify name and relationship to the party named in item 3a)
   CT CORPORATION, DAISY MONTENEGRO, AGENT FOR SERVICE

4. Address where the party was served: 330 N. BRAND BLVD. SUITE 700
   GLENDALE CA 91203

5. I served the party:
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on: 1/13/2025 (2) at: 12:00PM

6. The "Notice to the Person Served" (on the Summons) was completed as follows:

   as:

   on behalf of: COSTCO WHOLESALE CORPORATION

   under: CCP 416.10 (corporation)

7. ***Person Who Served Papers:***

Recoverable Cost Per CCP 1033.5(a)(4)(B)

   a. C. SMITH
   b. Process Service Associates
   17216 Saticoy Street #358
   Van Nuys, CA. 91406
   c. 661-799-0231

   d. ***The Fee** for Service was:* $ 49.50
   e. I am: (3) registered California process server
   (i) Owner
   (ii) Registration No.: 2016184353
   (iii) County: LOS ANGELES

8. ***I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.***

Date: 1/13/2025

**PROOF OF SERVICE** C. SMITH

**Form Adopted for Mandatory Use**
**Judicial Council of California**
**POS-010 [Rev. January 1, 2007]**
**Code of Civil Procedure, 417.10**