United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARY METZ, et al.,
Plaintiffs,
v.
COSTCO WHOLESALE CORPORATION,
Defendant.

Case No. 25-cv-01422-NW

**ORDER GRANTING MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT; ORDER GRANTING MOTION TO REMAND**

Re: ECF Nos. 28, 29

Plaintiffs Mary Metz and Jerry Metz brought this personal injury action in Santa Clara Superior Court against Defendant Costco Wholesale Corporation (Costco) and unknown Doe Defendants, alleging that a Costco employee hit Mary Metz with a pallet jack, negligently injuring her. ECF No. 1-1. On February 11, 2025, Costco removed the action to this Court based on diversity jurisdiction. ECF No. 1.

Plaintiffs now ask the Court for leave to amend their complaint to substitute Doe 1 with Creighton Stokes, the employee who allegedly injured her. Mot. for Leave, ECF No. 28. Stokes is a California domiciliary. *Id.* Because the addition of this employee would destroy diversity, Plaintiffs also move to remand the case to state court. ECF No. 29. The Court GRANTS Plaintiffs' motion for leave to file the first amended complaint and GRANTS Plaintiffs' motion to remand.

## I. DISCUSSION

After removal, if a plaintiff "seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). Under § 1447(e), it is within the Court's discretion to permit or deny joinder. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir.

1998). In deciding whether to permit joinder, courts typically consider six factors: "(1) whether the party sought to be joined is needed for just adjudication and would be joined under Federal Rule of Civil Procedure 19(a); (2) whether the statute of limitations would preclude an original action against the new defendants in state court; (3) whether there has been unexplained delay in requesting joinder; (4) whether joinder is intended solely to defeat federal jurisdiction; (5) whether the claims against the new defendant appear valid; and (6) whether denial of joinder will prejudice the plaintiff." *Ghosh v. Bank of Am., N.A.*, No. 21-cv-09930-RS, 2022 WL 2902019, at *2 (N.D. Cal. July 22, 2022).

A similar case in this District, *Roblin v. Costco Wholesale Corp.*, is instructive. No. 23-cv-01828-RFL, 2024 WL 1131038, at *1 (N.D. Cal. Mar. 4, 2024). *Roblin* also concerned a personal injury suit against Costco (with the same counsel for Defendant), and a motion to amend the complaint after Roblin identified the Costco employee that injured her. The *Roblin* court found that the majority of the 28 U.S.C. § 1447(e) factors weighed in favor of permitting Roblin to amend her complaint, thereby destroying diversity, and remanding the action to state court. The Court adopts the reasoning in *Roblin* and similarly finds that the majority of § 1447(e) factors weigh in favor of permitting Plaintiffs to amend their complaint.

Here, four of the six factors weigh in Plaintiffs' favor. First, Stokes is not tangentially related to Plaintiffs' claims because he is the employee who allegedly hit Metz with the pallet jack, giving rise to her claims and Costco's potential liability. Plaintiffs have shown that Stokes is "needed for just adjudication"; this factor weighs in Plaintiffs' favor.[1] *Ghosh*, at *2. Second, California's two-year statute of limitations for personal injury would not bar Plaintiffs' from

[1] Defendant argues that Stokes is not a necessary party because Costco is vicariously liable for the acts of its employees. Opp'n at 2. As the *Roblin* court held, "it makes no difference that Costco would be vicariously liable for the employee's alleged negligence because Roblin is entitled to pursue claims against the employee individually." *Roblin* at *2 (cleaned up) (citing *Cordan v. Costco Wholesale Corp.*, No. 2:20-CV-11096-SVW-KS, 2021 WL 2695732, at *1 (C.D. Cal. June 30, 2021)); *see also Sanchez v. Costco Wholesale Corp.*, No. EDCV 20-515-GW-SPX, 2020 WL 3100825, at *1 (C.D. Cal. June 10, 2020) ("There is no obvious reason Plaintiff cannot pursue a claim of negligence against [the employee], even if it is true that Costco would also be liable for any such negligence via *respondeat superior* and/or Costco would have to indemnify [the employee] pursuant to the California Labor Code.").

pursuing a claim against Stokes. *See* Mot. at 5, ECF No. 28 (date of Plaintiff's alleged injury was December 28, 2024); Cal. Code Civ. Proc., § 335.1 (two-year statute of limitations for personal injury). Therefore, Plaintiffs are permitted to bring a claim against Stokes in state court or in federal court, as the Court finds joinder permissible in this order. Because Plaintiffs would not be prejudiced from bringing claims in either forum, this factor is neutral. Third, Plaintiffs delay in seeking joiner weighs against them. Plaintiffs learned of Stokes' identity on March 13, 2025, and did not seek leave to amend until September 16, 2025. Mot. at 2. Fourth, there is no indication that joinder of Stokes is intended solely to destroy diversity, as Plaintiffs' included Doe defendants in their state court complaint to reserve the opportunity to name then-unknown defendants. This factor weighs in Plaintiffs' favor. Fifth, Plaintiffs appear to have a facially valid claim against Stokes, which weighs in Plaintiffs' favor. Defendant has not argued otherwise. *See* Opp'n, ECF No. 22. Sixth, because Plaintiffs' claim against Stokes is "closely connected to the claims against Costco and the facts at issue" denying joinder would prejudice Plaintiffs. *Franco v. Costco Wholesale Corp.*, No. CV 18-7586-MWF (AFMX), 2018 WL 6333674, at *4 (C.D. Cal. Oct. 30, 2018). Because the majority of the six factors under § 1447(e) weigh in Plaintiffs' favor, the Court exercises its discretion to permit joinder of Stokes.

## II. CONCLUSION

Plaintiff's motion for leave to file a first amended complaint is GRANTED. The Court accepts the already-filed first amended complaint, ECF No. 28-1. The addition of Stokes in the first amended complaint, a citizen of California, destroys complete diversity of the parties, divesting this Court of subject matter jurisdiction. *See Allstate Ins. Co. v. Hughes*, 358 F.3d 1089, 1095 (9th Cir. 2004) ("Diversity jurisdiction under § 1332 requires complete diversity of citizenship, each of the plaintiffs must be a citizen of a different state than each of the defendants."). Accordingly, this action is REMANDED to Santa Clara Superior Court.

**IT IS SO ORDERED.**

Dated: January 8, 2026

Noël Wise
United States District Judge